# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2010

No. 09-60470
Summary Calendar

Lyle W. Cayce
Clerk

KENRICK CICERO, also known as Kenrick Albert Cicero,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A035 205 085

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kenrick Cicero petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's finding that he did not obtain derivative citizenship as a result of his father's naturalization. A nationality claim is a question of law that we review de novo. *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006). "Petitioner has the burden of proving that he qualifies for naturalization, and he must do so in the face of the Supreme Court's mandate that we resolve all doubts in favor of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States and against those seeking citizenship." *Bustamante-Barrera v. Gonzales,* 447 F.3d 388, 394-95 (5th Cir. 2006).

Relying on the provisions of former 8 U.S.C. § 1432, Cicero argues that he was in the custody of his father in 1980 when his father became a naturalized citizen. Former section 1432 requires in relevant part that the child of divorced parents, such as Cicero, have been in the sole legal custody of the naturalized parent. *See Bustamante-Barrera,* 447 F.3d at 395-96.

Cicero's parents' divorce decree awarded custody of Cicero to his mother. Although Cicero argues that other evidence shows that his parents agreed that he would be in his father's custody, there is no evidence that his father ever obtained the required sole legal custody of him. *See Bustamante-Barrera,* 447 F.3d at 395-96; *see also Nehme v. I.N.S.,* 252 F.3d 415, 426 (5th Cir. 2001)(interpreting phrase "legal separation" in the same statute). As Cicero has not shown that he was in the sole legal custody of his father, he has not shown that he obtained derivative citizenship under § 1432. *See Bustamante-Barrera,* 447 F.3d at 395-96.

Cicero's petition for review is DENIED. Cicero's motions for appointment of counsel and for release on bond pending the disposition of his petition for review also are DENIED.